```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ROSITA GO,                          :

            Plaintiff,              :

    -against-                       :    04 Civ. 4008 (JSR)(HBP)

ROCKEFELLER UNIVERSITY,             :

            Defendant.              :

-----------------------------------X

ROSITA GO,                          :

            Plaintiff,              :

    -against-                       :    06 Civ. 1825 (JSR)(HBP)

ROBERTA MALONEY, et al.,            :
                                         MEMORANDUM OPINION
            Defendants.             :    AND ORDER

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

Plaintiff brings these actions pro se alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991, "42 U.S.C. § 1985 conspiracy (28 U.S.C.A. 1343(a)(1))," the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654, New York State Human Rights Law, New York Executive Law § 296, the New York Administrative Code § 8-502, Department

of Labor Regulations, and the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207 and 216. Plaintiff also alleges medical malpractice (Plaintiff's Consolidated Amended Complaint, Docket Item 29 in 04 Civ. 4008 and Docket Item 23 in 06 Civ. 1825, ("Con. Am. Compl.") at ¶ 1).

By notice of motion dated April 11, 2007, plaintiff moves for leave to amend her complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to "correct errors," "amplify statements," add counts and set forth additional claims (Notice of Motion, Docket Item 32 in 04 Civ. 4008).

For the reasons set forth below, plaintiff's motion to amend is denied without prejudice to renewal.

II. Facts

    A. Background Facts

Plaintiff is a former employee of defendant Rockefeller University ("the University"). The individual defendants in this case are Kathleen Cassidy, Roberta Maloney, Michelle Keenan, Gloria Chang DiGennaro, Danielle Green and Sonia Austrian. According to plaintiff's complaint, Cassidy was plaintiff's immediate supervisor and reported to Maloney, the Assistant Vice President for Finance (Con. Am. Compl. at ¶¶ 15, 16). Keenan, plaintiff states, was the Employment Director for Human Resources at the University during her employment there, and DiGennaro was

the Assistant Director (Con. Am. Compl. at ¶¶ 17, 18). Plaintiff states that Green was her social worker at the Employee Assistance Program Consortium (EAPC) and that Austrian was the director of the EAPC, which plaintiff has also named as a defendant (Con. Am. Compl. at ¶¶ 19, 20, 21).

Plaintiff, a Chinese-American, worked for the University for a total of approximately seventeen years (Con. Am. Compl. at ¶ 10). Plaintiff alleges, inter alia, that she suffered several acts of discrimination and retaliation. Plaintiff alleges that the University, Cassidy and Maloney harassed her, failed to promote her, underpaid her and terminated her employment and that all the foregoing adverse actions were motivated by discriminatory animus based on plaintiff's disability, race, national origin, age and marital status; plaintiff also alleges that the foregoing adverse actions were retaliatory (Con. Am. Compl. at ¶¶ 14, 53, 59-60, 65-67). Plaintiff also claims that Maloney severely harassed her because of her disability and wrongfully disclosed confidential information about her to other staff (Con. Am. Compl. at ¶¶ 35-40). Plaintiff alleges that Austrian and Green conspired with the University to coerce plaintiff into undergoing counseling and taking disability leave, and then conspired to terminate her employment (Con. Am. Compl. at ¶¶ 73, 81, 111, 116). Plaintiff also claims that after she was forced to go on disability leave, DiGennaro failed to inform

3

her of her rights and illegally cancelled her health benefits while she was still on leave (Con. Am. Compl. at ¶¶ 41, 82). Plaintiff alleges that afer she returned from leave, Maloney and Cassidy wrongfully assigned her to more menial duties, refused to return her to her old job, and eventually terminated her employment (Con. Am. Compl. at ¶¶ 47, 63, 64).

B. Procedural History

Plaintiff has filed a total of six complaints in her two cases regarding her claims of discrimination and retaliation while employed at the University.

1. Case 04 Civ. 4008

Plaintiff initially filed her complaint in New York State Supreme Court, New York County on May 6, 2004 against the University. On May 27, 2004, the action was removed to this court (Notice of Removal, Docket Item 1 in 04 Civ. 4008). The University answered plaintiff's first complaint on June 3, 2004 (Docket Item 4 in 04 Civ. 4008). On July 1, 2004, the Honorable Michael B. Mukasey, former United States District Judge, granted plaintiff's first motion to file an amended complaint (Docket Item 9 in 04 Civ. 4008), and plaintiff filed her first amended complaint on July 19, 2004 (Docket Item 11 in 04 Civ. 4008).

On September 28, 2004 Judge Mukasey granted plaintiff leave to amend her complaint a second time (Docket Item 13 in 04 Civ. 4008), and plaintiff filed a "Consolidated Amended Complaint" on January 31, 2005 (Docket Item 16 in 04 Civ. 4008). The University then answered the consolidated amended complaint on February 16, 2005 (Docket Item 21 in 04 Civ. 4008). Prior to the University's filing this answer, Judge Mukasey denied plaintiff leave to amend her complaint to include a time-barred failure-to-promote claim (February 1, 2005 Order, Docket Item 17 in 04 Civ. 4008). In June, 2005 the case was moved to the suspense docket at plaintiff's request due to her medical condition (Docket Item 23 in 04 Civ. 4008). The case was restored to the active docket on October 14, 2005 (Docket Item 24 in 04 Civ. 4008), and referred to me for General Pretrial (Docket Item 25 in 04 Civ. 4008).

2. Case 06 Civ. 1825

On March 8, 2006, plaintiff filed a separate action against Maloney, Cassidy, Keenan, Digennaro, Austrian, Green, the EAPC and "Doe Defendant" (Mar. 8, 2006 Complaint, Docket Item 1 in 06 Civ. 1825). This complaint was based on allegations similar to those in plaintiff's first action and included new claims against the mental health professionals who counseled plaintiff during her employment (Mar. 8, 2006 Complaint at ¶ 3).

5

By Order filed March 8, 2006, Judge Mukasey directed plaintiff to submit an amended complaint that alleged defendants' domiciles to establish diversity jurisdiction for plaintiff's state-law claims (March 8, 2006 Order, Docket Item 2 in 06 Civ. 1825). Plaintiff subsequently filed an amended complaint on May 10, 2006 containing allegations of domicile and adding the University as a defendant (Docket Item 4 in 06 Civ. 1825).

### 3. Both Actions

On November 2, 2006 I granted plaintiff leave to file a consolidated complaint that would incorporate the allegations then pending in both actions (Docket Item 27 in 04 Civ. 4008; Docket Item 20 in 06 Civ. 1825). On March 15, 2007 plaintiff filed, in both actions, the "consolidated amended complaint," permitted by my November 2, 2006 Order (Docket Item 29 in 04 Civ. 4008; Docket Item 23 in 06 Civ. 1825). After the University, Cassidy, Maloney, DiGennaro, Keenan, and Green had answered plaintiff's March, 2007 consolidated amended complaint (Docket Item 30 in 04 Civ. 4008; Docket Item 24 in 06 Civ. 1825; Docket Item 25 in 06 Civ. 1825; Docket Item 26 in 06 Civ. 1825; Docket Item 27 in 06 Civ. 1825; Docket Item 28 in 06 Civ. 1825), plaintiff filed her current motion for leave to file a second consolidated amended complaint in both actions (Docket Item 4:32).

Plaintiff has not submitted her proposed amended complaint to the Court, nor has she explained exactly what it is about her consolidated amended complaint that she wants to change. All that plaintiff has submitted is a vague and confusing statement of reasons why she believes the Court should grant her leave to file a second consolidated amended complaint. Plaintiff's reasons are:

1. Excusable neglect on claims barred, if any, by the Statute of Limitations due to serious medical conditions established by plaintiff's physician re: letter dated February 13, 2007.

2. [to] correct errors in complaint dated February 28, 2007 items number 19, 20 and 21. Plaintiff complaints [sic] regarding defendants Green, Austrian and EAPC were mentioned in EEOC Charged [sic] filed on November 12, 2003 and March 10, 2004. Plaintiff intended to prosecute all individual defendants, inlcuding Mahoney, Cassidy, Keenan, Chang Digenarro, Green and Austrian on first complaints filed on May 6, 2004 but for the mistakes and inadvertance [sic] due to physical and mental afflictions resulting in confusion, short-term memory loss, depressed state of mind and disability,

3. [to] add counts or amplify statements in the cause of action,

4. [to] set forth additional claims.

5. all defendants . . . are not prejudice or disadvantage because delay was due to valid medical concerns.

6. contributory delays caused by defendants Green, Austrian & EAPC complaints response on November 2006 and April 2007 respectively after second attempts of process server [sic].

(Motion for Leave to File Second Consolidated Amended Complaint ("Motion to Amend"), Docket Item 4:32).

All defendants oppose the present motion, arguing that it should be denied because (1) plaintiff failed to attach a copy of the proposed amended complaint to her motion papers as required by Federal Rule of Civil Procedure 7(b); (2) plaintiff has had ample opportunity to plead her claims; (3) plaintiff's filing of yet another complaint would prejudice defendants and (4) some of plaintiff's proposed amendments would be futile (Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File a Second Consolidated Amended Complaint, filed by the University, Maloney, Cassidy, Keenan and DiGennaro (collectively "Rockefeller Defendants"), Docket Item 33 in 04 Civ. 4008, ("Rockefeller Deft. Mem."); Affirmation of Michael A. Sonkin in Opposition to Plaintiff's Motion for Leave to File a Second Consolidated Amended Complaint, dated June 12, 2007, Docket Item 33 in 06 Civ. 1825 ("Sonkin Affirm."); Letter from Michael J. Gudzy, dated May 29, 2007 ("Gudzy Letter")).

III. <u>Analysis</u>

  A. <u>Applicable Standards</u>

The standards applicable to a motion to amend a pleading are well settled. Leave to amend a pleading should be freely granted "when justice so requires." Fed.R.Civ.P. 15(a); <u>Foman v.</u>

8

Davis, 371 U.S. 178, 182 (1962); Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005); Anthony v. City of New York, 339 F.3d 129, 138 n.5 (2d Cir. 2003).  "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile."  Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996), aff'd, 116 F.3d 465 (2d Cir. 1997), citing Foman v. Davis, supra, 371 U.S. at 182; see also Jin v. Metropolitan Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).

Delay alone, in the absence of bad faith or prejudice, is usually not a sufficient reason for denying a motion to amend.  Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995); State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); Middle Atlantic Utils. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 384 (2d Cir. 1968).  "The court . . . has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties."  Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000), quoting Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) (emphasis added).  See also Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir. 2000) (permitting amendment of answer to assert additional affirmative defense after a seven-

9

year delay does not constitute an abuse of discretion in the absence of prejudice). However, "the longer the period of unexplained delay, the lighter the burden will be on the nonmoving party to demonstrate prejudice or bad faith." Multi-Juice, S.A. v. Snapple Beverage Corp., 02 Civ. 4635 (RPP), 2006 WL 1519981 at *11 (S.D.N.Y. June 1, 2006).

  B. Plaintiff's
    Motion to Amend

  Plaintiff's Motion to Amend can be quickly dispatched because she has failed to attach a copy of the proposed amended complaint to her motion papers. See e.g., Abercrombie v. Andrew College, 04 Civ. 7717 (KMK), 2006 WL 1716857 at *25 (S.D.N.Y. June 15, 2006) ("[I]n making a motion for leave to amend, plaintiffs must attach a proposed amended complaint so that the Court and the opposing party has an opportunity to understand the exact changes proposed."); accord Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp., 233 F.R.D. 327, 329 (S.D.N.Y. 2005); Jonas v. Rich, 02 Civ. 498 (BSJ), 2004 WL 1542231 at *2 (S.D.N.Y. July 8, 2004); 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1485 at 603 (2d ed. 1990). This defect is material here because it appears that plaintiff is seeking to amend her complaint to assert additional unspecified claims. Without knowing what those claims are, it is impossible to determine whether they are futile. It is also unclear what

plaintiff believes needs to be corrected with respect to paragraphs 19, 20 and 21 of her consolidated amended complaint, which merely identify defendants EAPC, Austrian and Green and allege their domiciles for jurisdictional reasons. Without a copy of the proposed amended complaint, it is impossible, to "understand the exact changes sought" by plaintiff. Smith v. Planas, 151 F.R.D. 547, 550 (S.D.N.Y. 1993).

All defendants argue that, in addition to the procedural issue discussed above, plaintiff's motion to amend should be denied because: (1) she has had ample opportunity to present all of her claims; and (2) her repeated amendments are causing defendants prejudice from the burden and expense of reviewing, investigating and answering plaintiff's multiple complaints (Rockefeller Deft. Mem. at 3-6; Sonkin Affirm. at ¶ 22-28; Gudzy Letter at 2). Moreover, Rockefeller defendants argue that plaintiff fails to provide sufficient grounds in support of her request and that her request to add time-barred claims should be denied on grounds of futility (Rockefeller Deft. Mem. at 4-5, citing Baez v. Kahanowicz, 469 F. Supp.2d 171, 176 (S.D.N.Y. 2007); Oneida Indian Nation v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197 (2005)). Defendants further argue that plaintiff's delay cannot be justified on the basis of her medical condition because I have previously granted plaintiff an extension of time to file her consoli-

11

dated amended complaint on the basis of her illness (Rockefeller Deft. at 4-5; Gudzy Letter at 2; Docket Item 20). Without seeing the proposed amended complaint, however, I cannot, intelligently assess defendants' assertions of delay, prejudice or futility.

Accordingly, plaintiff's motion to amend her complaint is denied without prejudice.

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion to amend the consolidated amended complaint, which seeks to "correct errors," "amplify statements," add counts and set forth additional claims (Docket Item 32 in 04 Civ. 4008), is denied without prejudice.

Dated: New York, New York
       March 6, 2008

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Ms. Rosita Go
61 Merion Court
Bridgeville, Pennsylvania 15017

Elise M. Bloom, Esq.
Proskauer Rose LLP
1585 Broadway
New York, New York  10036

Michael A. Sonkin, Esq.
Martin Clearwater & Bell LLP
220 East 42nd Street
New York, New York 10017-5842

Michael J. Gudzy, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, New York 10017-5639